# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR99-0051-LRR |
| Plaintiff, | No. C04-0115-LRR |
| vs. | ORDER |
| COOLIDGE LEE DURHAM, | |
| Defendant. | |

This matter comes before the court on the defendant's "motion seeking a issuance of a certificate of appealability pursuant to Title 28 U.S.C. § 2255 and § 2253" (Docket No. 59). The defendant filed such motion on March 14, 2005. The defendant did not file a notice of appeal.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct.

1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, the defendant's "motion seeking a issuance of a certificate of appealability pursuant to Title 28 U.S.C. § 2255 and § 2253"

(Docket No. 59) is denied.[1]  If he desires further review of his 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS SO ORDERED**.

**DATED** this 4th day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] In its January 24, 2005 order, the court relied on June 18, 2001 as the date the defendant's judgment of conviction became final.  Although the correct date is July 9, 2001, the court's conclusion remains the same.